Jennifer REGAN–ADKINS, a minor by and through her parents, Sandra RE-GAN, parent who also sues individually and Glenn Adkins, parent who also sues individually, Plaintiffs–Appellants,

v.

SAN DIEGO UNIFIED SCHOOL DISTRICT; Does, 1–100, Defendants–Appellees.

No. 00–56534.
D.C. No. CV–99–273–RMB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2002.

Decided June 19, 2002.

Before SCHROEDER, Chief Judge, McKEOWN, Circuit Judge, and ZILLY, District Judge.*

MEMORANDUM **

Appellants Sandra Regan and Glenn Adkins, individually and on behalf of their

daughter Jennifer Regan–Adkins, appeal the district court's order dismissing in part and staying in part their claim under the Individuals with Disabilities Education Act ("IDEA"). We AFFIRM in part, VACATE in part and REMAND for further proceedings.

This Court has jurisdiction to review the district court's interlocutory order pursuant to 28 U.S.C. § 1292(a)(1). The district court's order dismissing Appellants' claims as moot had the "practical effect" of denying Appellants injunctive relief. *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). The court's order has the potential to cause irreparable harm, and can only be effectually challenged through immediate appeal. *See Sherri A.D. v. W.N. Kirby,* 975 F.2d 193, 203–04 (5th Cir.1992). We review the district court's determination that the claims were moot de novo. *See Cigna Property and Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir. 1998).

The district court dismissed as moot Appellants' appeal of the first Individualized Education Program ("IEP") without comment. Appellants argued to the district court that in evaluating the first IEP the Administrative Law Judge erred in two respects: (1) by failing to consider and remedy the school system's procedural violations under the IDEA; and (2) by failing to enjoin the school system's policy of making chronological age the sole factor in placing children with disabilities in regular education classrooms.

█ In evaluating whether these claims are moot, the Court notes that the ALJ

---

* Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

determined that the District had not provided Jennifer with a free appropriate public education and required the District to develop a new IEP. This finding was not appealed by the District. The determination that a new IEP is required makes Appellants' claim that the ALJ erred in failing to address the procedural errors committed by the District in developing the first IEP moot. Accordingly, we AFFIRM the district court's determination that this claim is moot.

■ Not all IDEA claims, however, are necessarily mooted by the creation of a new IEP. *See Sacramento City Unified Sch. Dist. v. Rachel H.*, 14 F.3d 1398, 1402 (9th Cir.1994). Differing educational philosophies regarding mainstreaming, which create conflicts capable of repetition but likely to evade review, present live controversies for the court. *Id.* at 1403. Appellants contend that the ALJ erred in failing to enjoin the District from placing children in classes "solely on the basis of age." This contention is a controversy capable of repetition but likely to evade review and therefore is not mooted by the determination that the District must provide Jennifer with a new IEP. Thus, it was error for the district court to dismiss this claim as moot and we VACATE the district court's order.

■ The controversy over Jennifer's placement began when she was nine years old and she has now reached the age of fourteen. It is, therefore, appropriate to address the merits of the placement dispute rather than further delaying resolution by remanding for consideration by the district court. Although Appellants argue that the ALJ made its decision "solely on the basis of age," the record does not support this contention. Rather, the ALJ concluded that there was a "legal presumption in favor of mainstreaming with age comparable, nondisabled peers." The

ALJ then concluded that he was in no position "to design a specific appropriate placement for Jennifer" without further study by the IEP team with the additional expertise of a "fully qualified, inclusion specialist with substantial expertise and experience in mainstreaming students such as Jennifer." Thus the question we address is whether the ALJ properly required the District to apply a presumption that Jennifer is to be educated with peers that are reasonably close to her in age.

The IDEA's mainstreaming provision states that a child is not to be removed "from the regular educational environment" unless "the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily." 20 U.S.C. § 1412(a)(5)(A). The Ninth Circuit has determined that "this provision sets forth Congress' preference for educating children with disabilities in *regular classrooms with their peers.*" *Sacramento City Unified School Dist. v. Rachel H.*, 14 F.3d 1398, 1403 (9th Cir.1994) (emphasis added). It has been recognized, however, that this provision creates a tension between the two purposes of the Act because "[s]chool districts must both seek to mainstream handicapped children and, at the same time, must tailor each child's educational placement and program to his special needs." *Daniel R.R. v. State Board of Ed.*, 874 F.2d 1036, 1044 (5th Cir.1989). Thus the mainstreaming presumption can be rebutted by a showing that the student's educational needs require removal from the regular education system. *Id.* at 1044–45.

In order for there to be a presumption for mainstreaming into regular classes there must exist a definition of a regular class. The regular educational environment for a nine year old is a classroom

with peers who are similar in age. *See, e.g., Sacramento City Unified School Dist. v. Holland,* 786 F.Supp. 874, 883 n. 10 (E.D.Cal.1992). This presumption creates the baseline against which the effectiveness of any other placement must be measured. The ALJ did not err in concluding that there is a legal presumption in favor of educating disabled students to the maximum extent possible with their nondisabled peers.

▪ Appellants also seek reimbursement of educational expenses. Appellants, however, failed to request such relief in the administrative filings with the Special Education Hearing Office. The district court, therefore, properly stayed Appellants' request for reimbursement for failing to exhaust administrative remedies. We therefore AFFIRM the district court on this issue and REMAND for further proceedings concerning reimbursement of educational expenses if Appellants exhaust their administrative remedies.

Accordingly, we affirm the dismissal of Appellants' IDEA claim on procedural matters for mootness, vacate the dismissal of the age claim on mootness grounds, but remand for dismissal of the claim on its merits, and remand the remaining claim for reimbursement of educational expenses for further proceedings. Each party shall bear its own costs.

AFFIRMED in part, VACATED in part and REMANDED for further proceedings in accordance with this decision.